IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CHARLES RAY "CHUCK" CRAWFORD                                    PETITIONER

VS.                                                    CASE NO.: 3:04cv59-SA

CHRISTOPHER EPPS, ET AL.                                        RESPONDENTS

**MEMORANDUM OPINION**

This matter is before the Court on Petitioner's request for a certificate of appealability ("COA") (Dkt. No. 62). Petitioner, Charles Ray Crawford, was convicted of capital murder and sentenced to death for the 1993 murder of Kristy D. Ray in Chalybeate, Mississippi. After his requests for relief were rejected on direct appeal and State post-conviction review, Petitioner filed a petition for writ of habeas corpus with this Court. The Court denied Petitioner's petition on September 25, 2008. *See Crawford v. Epps*, 2008 WL 4419347 (N.D. Miss. September 25, 2008). Petitioner filed the instant motion for a COA on October 23, 2008.

This Court did not choose to address, *sua sponte*, the matter of a COA in determining the merits of Petitioner's federal habeas petition, though the Court's decision regarding the instant request is based upon the analysis set forth in that opinion. Petitioner requests that the Court grant a COA on some twenty-eight separate issues, and he incorporates by reference the approximately two hundred and twenty-six page memorandum he filed in support of his petition for writ of habeas corpus in an attempt to demonstrate his entitlement to a COA. (Req. for COA 2-3). The Court has thoroughly considered each and every issue raised in the petition for writ of habeas corpus, and it finds it would not serve any constructive purpose engage in a recitation of

1

its opinion denying federal habeas relief in order to determine Petitioner's entitlement to a COA. Therefore, the Court will address the issues raised in the instant motion only to the extent necessary to rule on the requests, though the Court's decision as to each ground is based upon the full factual and legal determinations as set forth in the Court's memorandum opinion.

Petitioner must obtain a COA before he may proceed with his appeal. *See* 28 U.S.C. § 2253(c). A COA will not issue unless Petitioner demonstrates a substantial showing of the denial of a constitutional right, which may be made by showing that reasonable jurists could debate the Court's resolution of the claims, or that the issues presented in the petition are adequate to deserve further encouragement. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); 28 U.S.C. § 2253(c)(2). When the Court has rejected a claim on its merits, Petitioner must demonstrate that reasonable jurists would find the assessment of the claims debatable or wrong. *Id.* at 484. Where relief has been denied on procedural grounds, Petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* While Petitioner need not prove that he would succeed on appeal as to any claim for which he requests a COA, and doubts as to whether a COA should issue are resolved in Petitioner's favor, the Court's threshold consideration of the merits of Petitioner's claims must be limited by the deferential legal standard of 28 U.S.C. § 2254(d). *See, e.g, Reed v. Quarterman*, 504 F.3d 465, 471 (5th Cir. 2007).

## I. Petitioner's Statements to Law Enforcement

A. Statements to law enforcement in violation of right to counsel

Petitioner seeks a COA on the ground that his three statements to law enforcement

officials, which were made on January 30, February 1, and February 2, 1993, were taken in violation of his right to an attorney under both the Fifth and Sixth Amendments to the United States Constitution. (Req. for COA 3-4). The Court found Petitioner's Fifth Amendment claim barred and determined the State court decision concerning Petitioner's Sixth Amendment claims did not warrant federal habeas relief. *See Crawford*, 2008 WL 4419347 at **10-12. The Court does not find that reasonable jurists would debate the Court's substantive or procedural resolutions of this claim, and it will not grant a COA on this ground.

B. Psychiatric evaluation in violation of right to counsel

Petitioner next maintains that he was clearly entitled to the effective assistance of counsel prior to submitting to a psychiatric evaluation that could later be used against him. (Req. for COA 5). This Court found that the February 1, 1993, order requiring that Petitioner undergo additional psychiatric examination clearly concerned Petitioner's unrelated aggravated assault and rape case, which was scheduled for trial on February 2, 1993. *See Crawford*, 2008 WL 4419347 at *13. The order was signed off on by William Fortier, who was Petitioner's attorney for the assault and rape charges. *Id*. In its opinion, the Court noted that Petitioner was informed of the non-confidential nature of the examination, and that the court's order notified Petitioner and his counsel of the purpose of the scope of the examination sufficient to satisfy the Sixth Amendment. *Id.* In his request for a COA, Petitioner argues that it is at least debatable that the State arranged the evaluation as pretext to use the evaluation in connection with Petitioner's capital murder trial. (Req. for COA 5). The record is clear that the psychiatric evaluation was ordered in a separate case before Petitioner was formally charged with capital murder in this case, and the order itself is clear that the evaluation was necessitated because of Petitioner's

arrest for Kristy Ray's murder. The trial judge in the aggravated assault and rape case had a legitimate reason for ordering that Petitioner undergo a psychiatric evaluation prior to facing trial on those charges, as Petitioner had been arrested for capital murder since he had last been evaluated for competency and criminal responsibility. Petitioner had appointed counsel who was notified of the examination, and who was notified of its purpose and scope. The fact that the results of a psychiatric evaluation ordered in a separate case were introduced in this case to attempt to rebut Petitioner's insanity defense does not violate Petitioner's constitutional rights. The Court is persuaded that reasonable jurists would not debate its resolution of this claim and will not grant a COA on this ground.

      C. Confession coerced by denial of medical treatment

Petitioner next argues his statements to law enforcement officials were coerced by the denial of medical treatment. (Req. for COA 6). In its federal habeas review of this claim, the Court found that the record supported the Mississippi Supreme Court's conclusion that the trial court did not err in its implicit finding that Petitioner's statement was voluntarily given. *See Crawford*, 2008 WL 4419347 at *14. The Court does not find the resolution of this issue debatable among jurists of reason and will not grant a COA on this ground.

      D. Violation of Right to Appointed Counsel

Petitioner asserts that he is entitled to a COA on his claim that his initial appearance was deliberately delayed until law enforcement could extract an uncounseled confession from him. (Req. for COA 6-7). This Court rejected Petitioner's claim, noting that it had already found that the record supported a determination that Petitioner had waived his right to silence and failed to invoke his right to counsel prior to speaking to law enforcement officials. *See Crawford*, 2008

4

WL 4419347 at *13. The Court also found that Petitioner had confessed his involvement to Kristy Ray's murder less than one hour after his arrest, and that he failed to demonstrate a causal connection between the asserted delay and his confession. *Id.* The Court finds that reasonable jurists would not debate the Court's resolution of this issue and will not grant a COA on this ground.

   E.  Illegally Obtained Medical Records Used to Coerce Confession

  Petitioner next asserts that his confession was obtained through the use of confidential medical records that were obtained from his attorney in violation of the attorney-client privilege. (Req. for COA 7). This Court determined that Petitioner could not demonstrate that the records were privileged, inasmuch as he failed to make them part of the record. *See Crawford*, 2008 WL 4419347 at *15. The Court otherwise noted that the record supported a conclusion that the complained-of records were likely related to evaluations conducted in anticipation of Petitioner's upcoming assault and rape trial and would have been in the possession of the State, defense counsel, and the court. *Id.* The Court determined that even if the records had been privileged, they were disclosed in an attempt to prevent the commission of the crime, such that counsel could not be faulted for disclosing them. *Id.* Finally, the Court found Petitioner had presented no evidence that the disclosure of the records led to his confession. *Id.* Accordingly, the Court does not find that reasonable jurists would debate its resolution of this issue and will not grant a COA on this ground.

   F. Interrogation took place upon an arrest not supported by probable cause

  Petitioner contends that his confession should have been suppressed as he was initially arrested without a warrant, and he was arrested based upon a ransom note his attorney gave law

5

enforcement officials in violation of the attorney-client privilege. (Req. for COA 8). Petitioner maintains that the note was not signed by him, it did not reference him, and it referred to a girl named "Jennifer," who was not the girl missing and for whom police were searching. (Req. for COA 8). This Court found this claim barred on federal habeas review, as it has never been presented in State court, and it otherwise determined the claim was without support. *See Crawford*, 2008 WL 4419347 at *16. The Court noted that Petitioner failed to present evidence that his attorney was ever in possession of the ransom note, and it otherwise noted that Petitioner's own family members assumed the note was written by Petitioner and were concerned enough about his intentions that they sought the advice of Petitioner's attorney about the note. *See id.* The Court finds that reasonable jurists would not debate the procedural resolution of this claim or the alternative substantive resolution, and it will not grant a COA on this ground.

## II. Inadequate Voir Dire Concerning the Death Penalty

Petitioner next argues that the his venire was inadequately voir dired about whether they would automatically vote to inflict the death penalty upon a determination of guilt and whether they would give weight to mitigating circumstances. (Req. for COA 9-10). This Court rejected this claim, finding that the record supported a conclusion that the venire was fully questioned on these issues, and that defense counsel was not precluded from questioning the venire in a manner sufficient to expose any potential biases. *See Crawford*, 2008 WL 4419347 at **17-18. This Court does not find that its resolution of this issue is debatable among jurists of reason and will not grant a COA on this ground.

## III. Prosecutorial Misconduct

Petitioner maintains that the prosecutor in this case made comments to the jury that

injected his personal opinion, argued facts not in the record, and vouched for the evidence in the case. (Req. for COA 10-11). In rejecting this claim on federal habeas review, the Court found that the claim was procedurally barred. *See Crawford*, 2008 WL 4419347 at *19. The Court alternatively noted that the comments, when assessed in their entirety and in context, did not deny Petitioner due process. *Id*. at *20. This Court finds that reasonable jurists would not debate the procedural resolution of this claim or the alternative determination as to the substance of the claim, and it will not grant a COA on this ground.

### IV. Prosecutorial Misconduct - Sympathy Evidence in Mitigation

Petitioner next asserts that the prosecutor effectively precluded the jury from considering the evidence presented in mitigation by arguing that the jury could not consider sympathy for Petitioner's family in determining the appropriate sentence for Petitioner. (Req. for COA 11). The Court found this claim barred on federal habeas review. *See Crawford*, 2008 WL 4419347 at *20. Alternatively, the Court found that the record did not support a finding that Petitioner was prevented from presenting mitigating evidence in this case, although it noted that courts are not required to allow a capital defendant to present evidence of how his execution would impact his family. *Id.* The Court also found that the record demonstrated that the prosecutor was arguing that the jury should not consider sympathy for Petitioner's family, but he was not arguing that they were precluded from doing so. *Id.* The Court finds that its procedural resolution and alternate substantive resolution of this issue is not debatable among jurists of reason and will not grant a COA on this ground.

### V. Improper Prosecutorial Argument - Petitioner's Mental State

Petitioner argues that the prosecutor misrepresented the differences between the guilt and

7

sentencing phases of trial by telling the jury that it need not consider the mitigating circumstance of Petitioner's impaired capacity during sentencing, as the jury had already found Petitioner sane during the guilt phase of trial. (Req. for COA 11-12). The Court determined Petitioner's claim was barred from federal habeas review, and it noted that the Mississippi Supreme Court stated that a prosecutor's attempt to disprove a mitigating factor in rebuttal to defense counsel's arguments is not the same as an instruction that the jury not consider the mitigating factor. *See Crawford*, 2008 WL 4419347 at \*\*21-22. Alternatively, the Court found that in light of the substantial evidence of Petitioner's guilt and the clear jury instructions regarding Petitioner's mental state as a mitigating factor, Petitioner was not denied a fundamentally fair trial by the prosecutor's remarks. *Id.* at \*22. The Court finds that neither its procedural ruling nor its alternative substantive determination is debatable among jurists of reason and will not grant a COA on this ground.

## VI. "Especially Heinous, Atrocious or Cruel" Jury Instruction

Petitioner maintains that the "especially heinous, atrocious, or cruel" instruction given during the sentencing phase of his trial was unconstitutionally vague and failed to appropriately narrow the class of death-eligible defendants. (Req. for COA 12). This Court determined that the language in the instruction given in Petitioner's case is clearly in conformity with what the Mississippi Supreme Court has found acceptable, and the instruction tracks language that has been approved by the United States Supreme Court. *See Crawford*, 2008 WL 4419347 at \*\*23-24. The Court finds that its resolution of this issue is not debatable among jurists of reason and will not grant a COA on this ground.

## VII. Sentencing Instruction 2-A

Petitioner asserts that sentencing instruction 2-A created a reasonable probability that the jury might have believed juror unanimity was required in finding the presence of mitigating circumstances before giving them weight, and that the instruction impermissibly shifted the burden of proof to Petitioner. The Court determined that a reading of all of the instructions given in Petitioner's case did not support a conclusion that the jury believed unanimity was required to find any particular mitigating circumstance, and it noted that the Mississippi Supreme Court had repeatedly held that the word "unanimous" in the instruction did not modify mitigation any time it was used. *See Crawford*, 2008 WL 4419347 at \*\*25-26. The Court also determined that the instruction did not require Petitioner to bear the burden of proof, and it otherwise noted that a statutory scheme that did require a defendant to prove the existence of mitigating circumstances sufficient to outweigh aggravating circumstances would not render the scheme unconstitutional under Supreme Court precedent. *Id.* at \*27. The Court finds that its resolution of this issue is not debatable among jurists of reason and will not grant a COA on this ground.

## VIII. Element of Capital Murder as an Aggravating Circumstance

Petitioner argues that an element of capital murder (i.e., kidnapping) was impermissibly duplicated as an aggravating circumstance at sentencing. (Req. for COA 13-14). The Court determined that it was not constitutionally impermissible in a capital sentencing scheme for a court to submit to the jury an aggravating circumstance that duplicates an element of the underlying felony. *See Crawford*, 2008 WL 4419347 at \*28. The Court finds that its resolution of this issue is not debatable among jurists of reason and will not grant a COA on this ground.

## IX. Disproportionate Penalty

Petitioner asserts that the death penalty as applied to him is a disproportionate penalty. (Req. for COA 14). This Court rejected Petitioner's claim on federal habeas review, finding that Petitioner had presented the Court with no authority for his claim that the execution of a person who committed capital murder while suffering from mental illness is barred by the Constitution. *See Crawford*, 2008 WL 4419347 at \*\*29-30. The Court also determined that a proportionality review is not constitutionally required, and that Petitioner had presented the Court with no evidence that the Mississippi Supreme Court's rejection of his claim violated his right to due process. *Id.* at \*30. The Court is persuaded that reasonable jurists would not debate the resolution of this claim and will not grant a COA on this ground.

## X. State's Failure to Disclose the F.B.I. Report

Petitioner maintains that the outcome of his trial would have been different if a suppressed F.B.I. report had been made available to defense prior to trial. (Req. for COA 15-16). In rejecting this claim on federal habeas review, the Court determined that the F.B.I. report did not conflict with any testimony given at trial, and it did not contain any exculpatory or impeachment value. *See Crawford*, 2008 WL 4419347 at \*\*31-32. Therefore, the Court concluded that Petitioner could not demonstrate that the result of the proceedings would have been different if the report had been disclosed prior to trial. *Id*. at \*32. The Court is persuaded that reasonable jurists would not debate the resolution of this claim and will not grant a COA on this ground.

## XI. Ineffective Assistance of Counsel at the Guilt Phase of Trial

A. Meaningful relationship

Petitioner asserts that his trial counsel failed to develop a meaningful relationship with him. (Req. for COA 16). This Court determined that Petitioner has no constitutional right to a meaningful relationship with his trial counsel, and that Petitioner failed to demonstrate that trial counsel performed deficiently or that he was prejudiced as a result of the relationship. *See Crawford*, 2008 WL 4419347 at \*33. The Court is persuaded that reasonable jurists would not debate the resolution of this claim and will not grant a COA on this ground.

B. Failure to secure funds needed for investigation in this case

Petitioner maintains that trial counsel failed to secure funds necessary to hire an investigator to obtain valuable evidence in the case. (Req. for COA 17). In his federal habeas petition, Petitioner argued that the F.B.I. report would have been discovered had trial counsel secured funds adequate to properly investigate this case. *See Crawford*, 2008 WL 4419347 at \*34. This Court rejected this ground as a basis for federal habeas relief, as the record gives no indication that trial counsel's lack of investigatory funds caused the report to go undiscovered, and the suppression of the report itself was rejected as a claim of error. *See id.* This Court determines that jurists of reason would not debate its resolution of this claim and will not grant a COA on this ground.

C. Failure to secure funds for experts

Petitioner argues that trial counsel performed ineffectively in not obtaining a ruling on his motion for funds to hire an expert in the field of psychiatry, as his mental state was a significant issue at trial. (Req. for COA 17). On federal habeas review, the Court found that the record supported the Mississippi Supreme Court's conclusion that Petitioner had the assistance of experts at trial and failed to present the court with evidence from any particular expert of what

11

additional testimony would have been offered if Petitioner had been able to afford his or her services. *See Crawford*, 2008 WL 4419347 at *34. The Court finds that reasonable jurists would not debate the resolution of this claim and will not grant a COA on this ground.

    D. Failure to investigate critical aspects of the defense

Petitioner next argues that trial counsel failed to adequately investigate and present a defense related to his mental health issues. (Req. for COA 17). In his federal habeas petition, Petitioner specifically supported this claim by arguing that trial counsel performed ineffectively in presenting the testimonies of Dr. Stanely Russell and Dr. Martin Webb, as these experts contradicted one another and appeared unfamiliar with the facts of the case. *See Crawford*, 2008 WL 4419347 at **34-35. This Court found that Petitioner had presented the Court with no evidence that would support a determination that the experts were unprepared to testify as to relevant issues, and it determined that the fact that the experts disagreed with one another as to what specific mental illness Petitioner suffered did not render trial counsel's decision to present them unreasonable. *See id.* at *35. The Court also noted that to the extent Petitioner was attempting to claim the ineffective assistance of his expert witnesses, there was no such right. *See id*. The Court finds that reasonable jurists would not debate its resolution of this claim and will not grant a COA on this ground.

    E. Failure to properly litigate issues surrounding competency

Petitioner asserts that trial counsel failed to investigate Petitioner's long history of mental illness and failed to present meaningful evidence of Petitioner's conditions at trial. (Req. for COA 18). Petitioner maintains that trial counsel failed to request a competency hearing, and that it was never determined whether Petitioner's medication rendered him incompetent to stand trial.

(Req. for COA 18). Petitioner also asserts that trial counsel's failure to retain experts on this issue was ineffective assistance. (Req. for COA 18). In support of his claim, Petitioner presented the State court with an affidavit from Dr. Lemly Hutt, Jr., who found Petitioner competent in an unrelated case in May of 1993. *See Crawford*, 2008 WL 4419347 at *35. Dr. Hutt stated that his finding of competency was made prior to Petitioner being placed on the medication Dilantin, which was prescribed to control Petitioner's seizures, and he opined that the grogginess and incoherence Petitioner complained of was likely the result of too much of the medication in Petitioner's bloodstream. *See id.* Dr. Hutt stated Petitioner was probably incompetent to stand trial until the proper dosage of the medication could be determined. *See id.* Petitioner maintains that although his counsel were advised of Dr. Hutt's conclusions, counsel did not seek a hearing on the issue and allowed him to remain medicated throughout trial. *See id.*

In its opinion denying federal habeas relief, the Court found that Petitioner had not demonstrated that the Mississippi Supreme Court unreasonably applied the applicable law to Petitioner's claim. *See id.* at **35-37. Specifically, the Court noted that Petitioner underwent a competency evaluation less than a year before trial, and Petitioner failed to offer any evidence of the dosage of medication he was taking at the time of trial, how the medication would have negatively affected him, or a competent expert opinion that would cast doubt upon the previous finding of competency. *See id*. at *37. The Court also noted that Dr. Hutt did not examine Petitioner prior to submitting an affidavit opining Petitioner was *probably* incompetent due to the effects of the medication, and that Petitioner's own experts conceded Petitioner's competency at trial. *See id.* The Court also found the record contained ample evidence to support a finding that Petitioner was competent at the time of trial, as evidenced by his arguments to the trial court and

13

his letters to trial counsel. *See id.* As Petitioner presented no evidence of any facts that his mental condition had changed in the eleven months between his competency evaluation and trial, the Court determined Petitioner could not show prejudice as a result of trial counsel's failure to pursue the issue of Petitioner's competency. *See id.* The Court is persuaded that reasonable jurists would not debate the Court's resolution of this issue and will not grant a COA on this ground.

F. Failure to prepare and litigate important motions prior to trial

Petitioner asserts that trial counsel rendered ineffective assistance in failing to (1) challenge the sufficiency of the indictment prior to trial; (2) move for the suppression of inadmissible evidence; (3) move to suppress Petitioner's confessions; (4) present the trial court with a written motion to suppress Petitioner's confessions; (5) argue Petitioner's Fifth Amendment claim; (6) litigate the motion to proceed *ex parte* on application for expert funds; and (7) seek interlocutory relief concerning the court's ruling on his motion for expert funds. (Req. for COA 18-19). The Court finds that reasonable jurists would not debate its resolution of any of these issues. Rather than repeat the lengthy analysis of these issues contained in its opinion, the Court merely highlights some of its determinations relevant to the instant request. First, Petitioner's indictment comported with Mississippi law at the time it was issued, and Petitioner agreed with trial counsel's decision not to challenge the sufficiency of the indictment. *See Crawford*, 2008 WL 4419347 at **37-38. Second, Petitioner's defense at trial was insanity, which made Petitioner's past criminal history relevant. *See id.* at *39. Next, the Court determined Petitioner provided no authority for his claim that trial counsel should have presented a written motion in support of his motion to suppress Petitioner's statements, and that Petitioner

14

did not demonstrate that he was prejudiced by trial counsel's failure to present a Fifth Amendment claim. *See id.* Next, the Court noted that Petitioner had the trial assistance of the specific experts identified in his *ex parte* motion for funds, and he was not forced to reveal any confidential work-product information as a result. *See id.* at *40. A COA shall be denied as to all of these sub-claims.

G. Failure to make a meaningful opening statement

Petitioner contends that trial counsel essentially conceded Petitioner's guilt during his opening statement. (Req. for COA 19). This Court determined that trial counsel repeatedly informed the jury that he would explain why the crimes occurred, which was that Petitioner was legally insane. *See Crawford*, 2008 WL 4419347 at *41. As trial counsel did not concede Petitioner's guilt but argued Petitioner was not guilty by reason of insanity, the Court determines that reasonable jurists would not debate its resolution of this issue and will not grant a COA on this ground.

H. Failure to exclude various prior bad acts

Petitioner asserts that trial counsel failed to demand a hearing on the admissibility of Petitioner's prior bad acts prior to trial, and that counsel failed to object to such evidence when it was introduced by the prosecution. (Req. for COA 19-20). Petitioner's claim as presented in his federal habeas petition was considered in two separate claims by the Mississippi Supreme Court on post-conviction review. *See Crawford*, 2008 WL 4419347 at *42. The Court noted that the State court determined that Petitioner could not demonstrate that trial counsel performed deficiently for failing to demand a pre-trial hearing on the issue of prior bad act testimony where Petitioner did not present any authority for his claim. *See id.* Additionally, the State court noted

15

that each of Petitioner's complaints of improperly elicited testimony was either not "bad act" testimony, or that the comments occurred in instances where the prosecution was challenging Petitioner's insanity defense through the cross-examination of defense witnesses. *See id*. This Court found the State court's conclusions supported by the record, and it again noted that defense counsel used evidence of Petitioner's prior actions to help support the theory that Petitioner suffered from life-long mental illness. *See id*. The Court is persuaded that jurists of reason would not debate its resolution of this claim and will not issue a COA on this ground.

I. Failure to require a proper hearing on the admissibility of DNA evidence

Petitioner maintains that trial counsel failed to litigate the admissibility of DNA evidence at his trial. (Req. for COA 20). This Court found that trial counsel did raise a challenge to the admissibility of the DNA evidence. *See Crawford*, 2008 WL 4419347 at \*\*42-43. The Court is persuaded that reasonable jurists would not debate its resolution of this claim and will not issue a COA on this ground.

J. Stipulating to the State's "expert" evidence

Petitioner asserts that trial counsel essentially stipulated that the evidence given by the State's expert witness was true, as trial counsel chose not to cross-examine the witness. (Req. for COA 20). Joe Andrews, a forensic scientist, testified at trial that hairs found on evidence located in the Hopper Barn matched known hair samples of Petitioner and the victim. *See Crawford*, 2008 WL 4419347 at \*43. As this evidence only showed that the victim had been in the barn with Petitioner at some point, which Petitioner admitted in his confession, the Court rejected this claim as a basis for relief. *See id*. The Court finds that reasonable jurists would not debate its resolution of this claim and will not issue a COA on this ground.

16

K. Failure to secure independent experts to challenge the evidence

Petitioner maintains that trial counsel failed to investigate and present meaningful evidence as to Petitioner's mental illness and DNA evidence at trial due to counsel's failure to secure expert assistance. (Req. for COA 20-21). The federal habeas petition filed in this case raised a challenge to trial counsel's failure to secure an independent expert in the area of fingerprint analysis. In his federal habeas petition, Petitioner argued that trial counsel should have retained a fingerprint expert who could have discovered potentially exculpatory evidence from latent fingerprints removed from the victim's car and window in her home. *See Crawford*, 2008 WL 4419347 at \*\*43-44. The Court rejected this as a basis for federal habeas relief, as Petitioner failed to demonstrate that the fingerprints were usable even if an expert had been retained, and there was no reasonable probability of a different result if trial counsel had requested and been granted the assistance given the overwhelming evidence against Petitioner. *See id.* at \*44. Petitioner did not raise a challenge to trial counsel's failure to secure an expert to challenge the DNA evidence under this claim, and the Court will not grant a COA as to that issue. The Court has already determined that Petitioner had the assistance of experts at trial to attempt to establish an insanity defense and present mitigating evidence of his mental illness during the sentencing phase, and a COA shall not issue as to that claim. In sum, the Court is persuaded that reasonable jurists would not debate its resolution of the claim as it was raised in Petitioner's federal habeas petition, and a COA will not issue as to this ground.

L. Failure to make contemporaneous objections to inadmissible evidence

Petitioner asserts that as many of his claims were found procedurally barred on federal habeas review, his trial counsel performed ineffectively in failing to make contemporaneous

17

objections to inadmissible evidence. (Req. for COA 21). Petitioner incorporates by reference the authorities cited in sections L and M of his federal habeas petition, which challenge trial counsel's failure to object to inadmissible evidence and counsel's interjection of prejudicial evidence, respectively. *See Crawford*, 2008 WL 4419347 at \*\*44-46. This Court determined that Petitioner's claim under section L was essentially one of ineffective assistance based upon counsel's failure to object to prosecutorial misconduct, and that the comments made or elicited by the prosecution did not deny Petitioner a fundamentally fair trial. *See id.* at \*\*43-44. The Court also found that the substantial evidence against Petitioner supported the finding that he did not suffer any prejudice due to trial counsel's failure to object to the comments. *See id.* at \*44. With regard to Petitioner's claim that trial counsel interjected prejudicial evidence, the Court determined that trial counsel was not shown to have performed deficiently in introducing evidence, nor did Petitioner demonstrate prejudice as a result. *See id*. at \*\*45-46. This Court is persuaded that reasonable jurists would not debate the Court's resolution of these issues and a COA shall not issue on this ground.

  M. Failure to give an adequate closing statement

Petitioner maintains that trial counsel conceded Petitioner's guilt during his closing statement at the guilt phase of trial. (Req. for COA 21-22). This Court found that trial counsel argued that the testimony presented at trial supported a determination that Petitioner was not guilty by reason of insanity, and the fact that his strategy was ultimately unsuccessful did not render his assistance ineffective. *See Crawford*, 2008 WL 4419347 at \*46. The Court is persuaded that reasoned jurists would not debate the Court's resolution of this issue and a COA will be denied on this ground.

**Conclusion**

The Court determines that Petitioner has failed to make a substantial showing of the denial of a constitutional right with regard to the claims in the instant motion, and a Certificate of Appealability is **DENIED**. A separate order in accordance with this opinion shall issue this day.

**THIS** the _25th_ day of November, 2008.

                                         **/s/ Sharion Aycock**
                                         **U.S. DISTRICT JUDGE**